IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02262-WDM-KLM

STEVEN BIGLEY,

    Plaintiff,

v.

SGARLATO LABORATORIES, INC., a California corporation,
DJO, LLC,
I-FLOW CORPORATION, a Delaware corporation,
ABBOTT LABORATORIES, an Illinois corporation,
ABBOTT LABORATORIES, a Delaware corporation,
HOSPIRA, INC., a Delaware corporation,
ASTRAZENECA PHARMACEUTICALS, LP, a Delaware limited partnership,
ASTRAZENECA, LP, a Delaware limited partnership,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant I-Flow's Motion to Temporarily Stay All Proceedings** [Docket No. 75; Filed January 27, 2010] (the "Motion"). The Court has reviewed the Motion, **Defendant Abbott Laboratories, Inc.'s and Hospira, Inc.'s Response and Opposition to Defendant I-Flow Corporations's Motion to Stay** [Docket No. 83], the relevant law, and the entire case file.

    Plaintiff requests a stay of proceedings with only limited continued production of documents pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL") on a Motion to Transfer filed in *In re Ambulatory Pain Pump-Chondrolysis Products Liability Litigation* ("MDL No. 2139"). If the MDL Panel grants the Motion to Transfer, this and other

1

similar actions will be consolidated into one multidistrict litigation proceeding pursuant to 28 U.S.C. § 1407.

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09-cv-00802-WYD-KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case." *Lundy*, 2009 WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of America*, 5 F.Supp.2d 804, 809 (C.D. Cal. 1998)).

The Court first considers whether the interests of the parties would be served by a stay. *See String Cheese*, 2006 WL 894955, at *2 (balancing prejudice of stay to the non-moving party, the plaintiff, against any undue burden of going forward on defendant). Defendants Abbott Laboratories and Hospira, Inc. contend that a stay would create undue prejudice to them because they have a pending Motion to Dismiss and that the delay may result in the loss of records and memories of potential witnesses.[1]

Defendants' concerns do not provide a basis for denying a stay. First, despite this district's general policy disfavoring a complete stay of discovery, "a stay may be appropriate if 'resolution of a preliminary motion may dispose of the entire action.'" *Benge v. Pounds*, No. 07-cv-01849-REB-MEH, 2008 WL 163038, at *1 (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *see also General Steel*, 2008 WL 5101341, at *7-8 (considering strength of pending motion to dismiss all claims in complex civil action

---

[1] Plaintiff takes no position on the Motion [#81].

2

with multiple defendants and determining that low likelihood of success on motion weighed in favor of denying stay)*; Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (Apr. 6, 2007) (noting that stay appropriate where dispositive motion filed that might resolve entire case and "stay does not unduly prejudice the opposing party") (citations omitted)).  Second, a short delay will not affect the discovery process because there will be an ongoing production of Plaintiff's medical records.  Further, the MDL Panel is expected to rule on the Motion to Transfer by early April, 2010, at the latest, and thus the stay requested is likely to be brief, which minimizes any potential prejudice to any party.

The Court also considers its own convenience, the interests of nonparties, and the public interest in general.  *See String Cheese*, 2006 WL 894955, at *2.  None of these factors prompts the Court to reach a different result.  The Court finds that granting the stay will promote judicial economy and efficiency.  *See Lundy*, 2009 WL 1965521, at *1-2 (concluding "judicial economy . . . best served by granting a stay pending the MDL Panel's decision"); *Lilak v. Pfizer Corp., Inc.*, No. 08-cv-02439-CMA-KLM, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008) (reasoning stay pending transfer to MDL appropriate because judicial economy best served by case being considered as part of MDL); *Franklin v. Merck & Co., Inc.*, No. 06-cv-02164- WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (finding that pending transfer to MDL "granting a stay would promote judicial economy and help insure consistent pretrial rulings")*.*  Unlike in *Lundy*, *Lilak*, and *Franklin*, here the MDL Panel has not yet determined whether a consolidated MDL proceeding is warranted for these pain pump actions.  This fact may decrease the likelihood that the instant action will actually be transferred.  The Court agrees with Defendants that awaiting a ruling from the

MDL panel will conserve judicial resources and avoid the issuance of rulings on discovery and substantive motions inconsistent with those issued by other federal courts. *See Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360-62 (C.D. Cal. 1997) (granting stay where motion to transfer and consolidate cases into MDL proceeding pending before MDL Panel and noting that "a majority of courts" have concluded that such a stay is appropriate and conserves judicial resources); MANUAL FOR COMPLEX LITIGATION (FOURTH) § 22.35 (2009) ("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well.").

The Court is further persuaded that judicial economy is well-served by a stay because Plaintiff must continue production of his medical records. *See Carolus v. Gen. Elec. Co.*, No. 07-cv-00714-WYD-MJW, 2007 WL 4225802, at *1 (D. Colo. Nov. 28, 2007) (denying stay only as to production of documents and other written discovery because judicial economy not served by waiting, as production of documents lengthy process and would be necessary regardless of whether MDL Panel transferred the case). Finally, the Court does not find that this case triggers a compelling nonparty or public interest that requires a different result. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

IT IS **FURTHER ORDERED** that the case is **STAYED** until such time as the MDL Panel issues an order on the pending Motion to Transfer. Production of Plaintiff's medical records shall continue during this stay of proceedings.

Dated:  March 1, 2010

                                                  BY THE COURT:

                                                  <u>s/ Kristen L. Mix</u>
                                                  U.S. Magistrate Judge
                                                  Kristen L. Mix