IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-02262-WDM-KLM

STEVE BIGLEY,

    Plaintiff,

v.

SGARLATO LABORATORIES, INC., a California Corporation
I-FLOW CORPORATION, a Delaware Corporation
DJO, LLC, a Delaware Corporation,

    Defendants.

## STIPULATED QUALIFIED PROTECTIVE ORDER

Based on the stipulation of the parties, it is hereby

ORDERED as follows:

1. As used in this Order, the term "Confidential Discovery Material" means documents and other information provided in the course of discovery of this action that are designated as **"Confidential"** or **"Trade Secret"** pursuant to the terms of this Order. The term documents as used herein shall be interpreted broadly to encompass hard-copy and imaged documents as well as electronically stored information ("ESI") of any type.

2. Any person subject to this Order who receives any Confidential Discovery Material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this Order.

3. Documents or other discovery material may be designated as **"Confidential"** or **"Trade Secret"** only to the extent that it consists of or includes trade secret or confidential research, development, competitive, proprietary or commercial information and may include

1

2060339.1

financial information, information relating to ownership or control of any non-public company, and any information protected from disclosure by any privacy or other law or governmental regulation, as well as any other type of information given confidential status by the Court.

4. With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the document as confidential discovery material by stamping or otherwise clearly marking the document as **"Confidential"** or **"Trade Secret"** in such a manner that will not interfere with legibility or audibility. Any information so marked will be reviewed by an attorney for the disclosing party prior to it being marked, and will only mark it if the attorney has a good faith belief that documents or material are confidential or are otherwise entitled to protection.

5. With respect to deposition transcripts and exhibits, a party may indicate on the record that a question calls for Confidential Discovery Material, in which case the transcript of the question or answer shall be bound in a separate volume and marked **"Confidential"** by the court reporter. Alternatively, the party may designate information disclosed at deposition as confidential by notifying the other party(ies) in writing within thirty (30) days of receipt of the transcript of the specific pages and lines which are to be designated confidential. During such thirty (30) day period, the entire transcript shall be treated as confidential. For convenience, the parties may agree that entire deposition transcripts shall be treated as confidential discovery material.

6. Third parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Order as if they had stipulated to it at the time of entry. Such third parties must state their agreement to be bound by this order in writing. Such third party(ies) shall be limited to supplying parties only.

7. Documents and information produced by a third party shall be treated as Confidential Discovery Material for thirty (30) calendar days after production, in order to allow the parties to review and assess the documents and information for confidentiality and designation.

8. If at any time prior to the trial of this action a party realizes that previously undesignated documents or other material should be designated as Confidential Discovery Material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as Confidential Discovery Material pursuant to this Order. Upon receipt of such designation in writing, the parties and other persons subject to this Order shall take reasonable and appropriate action to notify any and all recipients of the discovery material about the protected status of the newly designated Confidential Discovery Material and to retrieve the newly designated Confidential Discovery Material from any person who is not permitted by this Order to have Confidential Discovery Material.

9. Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing as soon as it confirms such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the producing party or destroyed immediately upon notice of privilege and any information regarding the content of the document(s) shall be deleted from any litigation support or other database and is forbidden from disclosure and forbidden from use in this action or for any other reason at all. Any party or individual having inadvertently received privileged or protected information need not wait for notice from the producing party before

complying with the above and is expected to comply with the requirements of this paragraph as soon as it is known or should be known, that the document and information contained therein, is privileged and/or protected. The parties shall have the benefit of all limitations on waiver afforded by Federal Rules of Evidence 502. Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

10. No person subject to this Order other than the designating party shall disclose any Confidential Discovery Material to any other person, except as follows:

(a) counsel for the parties in this action, including any paralegal, clerical, and other staff employed by counsel for work on this action;

(b) With respect to a specific document, the document's author, addressees, and any other person shown on the face of the document as having received a copy;

(c) Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a non-disclosure agreement in the form attached to this order; However, if the witness is currently an employee, officer, director, contractor, subcontractor or consultant of an entity that is presently engaged in the research, development, manufacture or sale of any product that competes with or is similar to any products researched, developed, manufactured or sold by I-Flow Corporation, including but not limited to I-Flow's ON-Q® PainBuster®, the party seeking the testimony must also first receive written consent of counsel for the party

disclosing the confidential material, or obtain an order from the Court permitting the disclosure to said witness;

(d) Any person retained by a party to serve as an expert consultant or witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached;

(e) Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims;

(f) Official court reporters; and

(g) The court, mediators, and support personnel.

11. Prior to any disclosure of Confidential Discovery Material to any person referred to in subparagraphs (c) or (d) of paragraph 10 above, the person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit 1 hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them. At the conclusion of this action, upon a showing of good cause and necessity, any party may seek an order requiring production of non-disclosure agreements, but nothing in this Order is intended to modify or shift any burden of proof or privilege relating to the motion or authorize discovery of experts or their identities.

12. Any party wishing to file any Confidential Discovery Material with the Court, including any portion of a court paper that discloses confidential discovery material, shall file the documents separately "under seal" or as otherwise directed by the Court under applicable law, local rule or convention. When filing a motion, the filing party will cite to the Court the grounds

for filing the Confidential Discovery Material under seal. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law.

13. Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. If agreement cannot promptly be reached, the dispute will be submitted to the Court. Until a dispute is resolved, the material designated as **"Confidential"** or **"Trade Secret"** shall remain as Confidential Discovery Material pursuant to this Order.

14. The Court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the Court.

15. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

16. This Order shall survive the termination of this action. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies, shall promptly be returned to the producing party or, with the permission of the producing party, be destroyed; however, if objections to confidentiality are then asserted, return of the Confidential Discovery Material shall depend upon final resolution of the objections. Attorney-client privileged and work product materials need not be disclosed to other parties after termination of this action.

17. The Court shall retain jurisdiction over all persons and parties subject to this Order to the extent necessary to modify this Order, enforce its obligations, or to impose sanctions for any violation.

18. Nothing in this Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Discovery Material.

19. Additional parties may be added to this action as allowed under the applicable Rules of Civil Procedure. Before receiving Confidential Discovery Material, a new party must agree to be bound by the terms of this Order as if the party had stipulated to it at the time of entry. No newly added party shall have access to Confidential Discovery Material until the party is subject to the terms of this Order.

20. The defendants may designate any documents or other discovery material as **"Trade Secret"** by stamping or otherwise clearly marking as **"Trade Secret"** the protected material in a manner that will not interfere with the legibility or audibility. Any discovery material designated as **"Trade Secret"** shall be treated in all respects as Confidential Discovery Material.

21. This Order shall not apply to, or restrict Confidential Discovery Material used at the time of trial as evidence. Protection of Confidential Discovery Material at trial may be addressed by the Court as a separate matter upon the motion of any party. The provisions of this Order shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material at trial.

Dated this 10th day of May, 2011.

BY THE COURT:

_____
Kristen L. Mix
United States Magistrate Judge

APPROVED: April 21, 2011

**Attorneys for Plaintiff**

*s/ Scott Martin Kleger*
Scott Martin Kleger
Gary M. Claxton
Mollie B. Hawes
Miller & Steiert, P.C.
1901 West Littleton Blvd.
Littleton, CO 80120-2058
Phone: (303) 798-2525
Facsimile: (303) 798-2526
E-Mail: skleger@m-s-lawyers.com
gclaxton@m-s-lawyers.com
mhawes@m-s-lawyers.com

Daniel Lee English
Daniel Lee English, P.C.
6355 Ward Road, #400
Arvada, CO 80004-3823
Phone: (303) 424-3500
Facsimile: (303) 424-3598
E-Mail: daniel@denglishlaw.com

**Attorneys for DJO, LLC**

*s/James Andrew Johnson*
James Andrew Johnson
Godfrey & Lapuyade, PC
9557 South Kingston Court
Englewood, CO 80112-5952
Phone: (303) 228-0700
Facsimile: (303) 228-0701
E-Mail: Johnson@godlap.com

Marilyn Muir Jager
Morris Polich & Purdy, LLP
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017
Phone: (213) 891-9100
Facsimile: (213) 488-1178
E-Mail: mjager@mpplaw.com

**Attorneys for Defendant I-Flow Corporation**

*s/ Jordan Lipp*
Jeffery R. Pilkington
Jordan Lipp
Davis Graham & Stubbs, LLP
1550 17th Street, Suite 500
Denver, CO 80202
Phone: (303) 892-9400
Facsimile: (303) 893-1379
E-Mail: jeff.pilkington@dgslaw.com
jordan.lipp@dgslaw.com

Chad J. Layton
Erin N. Graham
Segal McCambridge Singer & Mahony, Ltd.- Chicago
233 South Wacker Drive, #5500
Sears Tower
Chicago, IL 60606-6306
Phone: (312) 645-7800
Facsimile: (312) 645-7711
E-Mail: clayton@smsm.com
egraham@smsm.com

## ACKNOWLEDGEMENT OF STIPULATED
## QUALIFIED PROTECTIVE ORDER

I, _____, acknowledge that I have read and understand the Stipulated Qualified Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Trade Secret, or contain individually identifiable health information. I agree that I will not disclose such Discovery Material to anyone other than for purposes of this action and that at the conclusion of the action I will return all such Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Qualified Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court of Colorado for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated this _____ day of _____, 2010

_____